UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MACKENZIE ARCHITECTS, P.C.,

                          Plaintiff,

  - against -

                                                                       Civil Action No.:
                                                                     1:15-CV-1105 (TJM / DJS)

VLG REAL ESTATE DEVELOPERS, LLC,
VICTOR GUSH,
FGR ASSOCIATES, LLC,
CAPTAINS LOOKOUT DEVELOPMENT, LLC
DESIGN LOGIC ARCHITECTS, PC
CLARK REALTY, LLC,
PAUL CLARK,
FRANK TATE and
ROBERT BUCHER,

                          Defendants.
_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE GUSH DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**


                                              TABNER, RYAN AND KENIRY, LLP
                                              18 Corporate Woods Boulevard, Suite 8
                                              Albany, New York 12211
                                              (518) 465-9500
                                              Counsel for Defendants

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT.............................................................................................................................2

   I.   PLAINTIFF'S COPYRIGHT CLAIMS AGAINST
       THE GUSH DEFENDANTS SHOULD BE DISMISSED ..............................................2

       A.  The Contributory and Vicarious Infringement Claims Are Deficient .........................2

       B.  The Removal and False Information Claims Are Deficient.........................................5

   II.  PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST
       THE GUSH DEFENDANTS SHOULD BE DISMISSED ..............................................6

CONCLUSION..........................................................................................................................7

CERTIFICATE OF SERVICE .................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Arista Records, LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 156 (S.D.N.Y. 2009)...................5

*Faulkner v. National Geographic Soc.*, 211 F. Supp. 2d 450, 473-74 (S.D.N.Y. 2002)............4, 5

**Statutes and Rules**

17 U.S.C. § 412..................................................................................................................2, 6

Fed. R. Civ. P. 12(c)..................................................................................................................7

## **PRELIMINARY STATEMENT**

Defendants VLG Real Estate Developers, LLC ("VLG") and Victor Gush (collectively, "Gush Defendants") submit this reply memorandum of law in support of their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The answering memorandum of Plaintiff Mackenzie Architects, P.C. ("Mackenzie") confirms the lack of any valid claims against the Gush Defendants. The claims for contributory and vicarious copyright infringement fail not only because of the lack of a valid underlying primary infringement claim, but also because they are independently defective.

Critically, Plaintiff acknowledges in its answering memorandum that those claims rest on the predicate that the Gush Defendants sold the designs in breach of the parties' unsigned agreement, but Plaintiff further acknowledges that its counterparty to the alleged agreement was Defendant FGR Associates, LLC ("FGR"). Without a valid foundation, the claims fail. Moreover, Plaintiff's answering memorandum makes clear that the related allegations purporting to make out the elements of those claims are utterly speculative, as are those purportedly supporting the copyright management information claims.

Finally, nothing in Plaintiff's answering memorandum saves the single breach of contract claim, and it should also be dismissed as to the Gush Defendants.[1]

For all of these reasons, the claims against the Gush Defendants should be dismissed in their entirety.

---

[1] Plaintiff fails to dispute that the fifteenth cause of action does not name Mr. Gush individually. (*See* Gush Mem. at 4, n. 1.)

1

**ARGUMENT**

I. PLAINTIFF'S COPYRIGHT CLAIMS AGAINST
   THE GUSH DEFENDANTS SHOULD BE DISMISSED

The copyright claims against the Gush Defendants should be dismissed, as Plaintiff as a matter of law cannot make out the necessary elements. Likewise, Plaintiff is precluded from relief for statutory damages and attorneys' fees pursuant to 17 U.S.C. § 412.

   A. The Contributory and Vicarious Infringement Claims Are Deficient

As the Gush Defendants explained previously, the contributory and vicarious infringement claims against them must fail because Plaintiff cannot make out a primary infringement claim. In particular, as set forth more fully in the motion papers of the Captain's Lookout and Design Logic Defendants, as a matter of law Plaintiff cannot establish the fundamental element of substantial similarity between Plaintiff's design and the allegedly infringing design. Moreover, for the reasons set forth in the motion papers of the Captain's Lookout Defendants, the alleged use of Plaintiff's design was authorized by a license. Those Defendants readily address Plaintiff's arguments on both of these issues. The contributory and vicarious infringement claims also fail on their face, as they are manifestly deficient as to the Gush Defendants.

Plaintiff fails to articulate any basis for sustaining the contributory infringement claims against the Gush Defendants. Indeed, Plaintiff highlights the faulty premise of its claim in stating, "The Complaint alleges that Mr. Gush and his company VLG, a party that initially contracted with Makenzie to design Captain's Lookout, impermissibly sold those designs to a third-party." (Pl. Mem. at 18.)

Yet as the Gush Defendants noted previously, and Plaintiff does not dispute, even the unsigned agreements cited in the Amended Complaint contemplated that FGR, not VLG, would be the contracting party.  This is made manifest through the Affidavit of Steven Makenzie submitted with Plaintiff's answering papers, in which Mr. Makenzie makes clear that the designs were delivered to, and the relevant agreement was with, FGR, not the Gush Defendants.  In relevant part, Mr. Makenzie states:

> "On or about January 5, 2009, Makenzie Architects delivered the architectural designs and drawings ("Makenzie Architects Designs") to defendant FGR Associates, LLC, attached to the Amended Complaint as Exhibit B.  (Makenzie Aff. ¶ 3.)
>
> . . .
>
> "Under my agreement with Defendants FGR Associates, any license given did not extend to a license to allow another architect to use my designs, adapt my designs, or take credit for my designs."  (Makenzie Aff. ¶ 7.)

As such, there is no basis for Plaintiff's unsubstantiated assertion that VLG was a party to any agreement, and Plaintiff cites to none.  Plaintiff's attempt to build a contributory infringement theory against the Gush Defendants rests on a factual premise missing from, and at odd with, Plaintiff's allegations.

The utterly speculative nature of the allegations becomes even clearer when Plaintiff cites the two "facts" that purportedly support the contributory infringement claim against the Gush Defendants.  The first, that "VLG and Gush had actual knowledge that the designs were sold to persons who would infringe upon the rights of those designs[,]" (Pl. Mem. at 18) is utter *ipse dixit* pleading with no plausible foundation.  Plaintiffs cite no plausible foundation for the assertion that the Gush Defendants "had actual knowledge" that the purchasers of the designs

3

would infringe upon a copyright.  Indeed, Plaintiffs do not allege that the alleged immediate purchaser, Clark Realty, directly infringed, but that it, in turn, provided the design to the Design Logic Defendants.  Plaintiffs cite no plausible basis for inferring that the Gush Defendants had "actual knowledge" that downstream infringement would occur.

The second putative factual basis for the claims, that "by selling the designs, and *possibly* removing copyright management information, Mr. Gush encouraged or assisted others in the infringement," (Pl. Mem. at 18) (emphasis supplied), is even more speculative and conclusory.  Again, even assuming the characterization of the 'sale' of the designs to be correct, Plaintiff cites no support for the implicit assertion that the mere sale of copyrighted materials constitutes the encouragement or assistance necessary to sustain a claim for contributory infringement.  *See Faulkner v. National Geographic Soc.*, 211 F. Supp. 2d 450, 473 (S.D.N.Y. 2002) (noting that "the participation or contribution must be substantial") (internal quotation marks and citation omitted).  Plaintiff's added speculation of removal of copyright management information plainly cannot save the claims.  Such speculation fails to support any plausible allegation that the Gush Defendants "'acted in concert with the direct infringer.'"  *See Faulkner*, 211 F. Supp. 2d at 473-74 (citation omitted).

The 'facts' that Plaintiff cites to support the vicarious infringement claim against the Gush Defendants are similarly lacking.  The first, that "Mr. Gush and VLG contracted with a third party and instructed them to engage in infringing activities," (Pl. Mem. at 18), is simply an exercise in making up allegations.  Again, a threshold barrier is the Amended Complaint's failure to plausibly allege that the Gush Defendants were the contracting parties.  Even were that allegation plausibly made, however, Plaintiff fails to explain how such an allegation supports the

4

conclusion that the Gush Defendants "had the right and ability to supervise the infringing conduct" of the purchasers. Plaintiff pleads no facts plausibly giving rise to any inference of the Gush Defendants' right and ability to direct any activity after the putative sale of the designs.

The second alleged fact, that the Gush Defendants "profited from the sale of the designs to a third party[,]" (Pl. Mem. at 18), likewise reads allegations into the Amended Complaint that are simply not there. The Amended Complaint includes no plausible allegations that the Gush Defendants profited here, much less that they specifically profited from the sale of the designs. Again, Plaintiff cites no cases supporting a claim of vicarious infringement against one who merely sells copyrighted materials to a third-party. As such, Plaintiff fails to credibly allege that the Gush Defendants received a "direct financial benefit" from the infringement and had "the right and ability to control" the infringement. *See Arista Records, LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 156 (S.D.N.Y. 2009); *see also Faulkner*, 211 F. Supp. 2d at 472 n. 140 (noting that "the control must be substantial and have a practical force") (citation omitted).

For all of these reasons, the contributory and vicarious infringement claims against the Gush Defendants fail as a matter of law and should be dismissed.

### B.  The Removal and False Information Claims Are Deficient

Plaintiff's answering papers similarly make clear the utterly deficient nature of the copyright management claims against the Gush Defendants. Plaintiff's summary of the "basis" for the claims makes this starkly apparent: "One or more of the Gush Defendants provided the Clark and Design Logic Defendants with the Makenzie Designs, with or without Plaintiff's prominently displayed copyright management information[.]" (Pl. Mem. at 19.)

5

As an initial matter, the assertion that "one or more" of the Gush Defendants so acted makes the patently speculative nature of the claims clear. More startling, however, is the assertion that "one or more" of the Gush Defendants provided the designs "with or without" Plaintiff's CMI. This sort of equivocal allegation, amounting to nothing more than speculation that the Gush Defendants may have done something improper, hardly supports Plaintiff's claims.

As such, the copyright management information claims against the Gush Defendants should be dismissed.[2]

## II. PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST THE GUSH DEFENDANTS SHOULD BE DISMISSED

Plaintiff's answering papers confirm that the breach of contract claim against VLG should be dismissed.

As the Gush Defendants explained previously, there is no basis for the allegation that VLG was a contracting party with Plaintiff. Notably, Plaintiff fails to address this argument, or otherwise defend the naming of VLG as a contracting party. (See Pl. Mem., Section IV.) On this ground alone, the breach of contract claim against it should be dismissed.

The claim should also be dismissed based on the statute of limitations. Plaintiff insists that the accrual of the limitations period is an issue of fact, but the express allegations of the Amended Complaint make clear that the date of substantial completion preceded the commencement of this action by at least six years. (Amended Complaint ¶¶ 27, 106.)

---

[2] Plaintiff fails to address the substantive defects Defendants raised with respect to Plaintiff's claim for statutory damages and attorneys' fees pursuant to 17 U.S.C. § 412.

Plaintiff's further suggestion that the Court should look to the last payment as the date of accrual contradicts the very contractual language upon which Plaintiff purports to rely. (Pl. Mem. at 21.)

As such, the breach of contract claim against VLG should be dismissed.

## CONCLUSION

The Gush Defendants respectfully request that the Court dismiss the Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(c), with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: April 25, 2016
      Albany, New York

**TABNER, RYAN & KENIRY, LLP**

_____s/ Thomas R. Fallati_____
Thomas R. Fallati
Bar No. 515267
*Lead Attorney for Defendants VLG Real Estate Developers, LLC and Victor Gush*
18 Corporate Woods Blvd.
Albany, NY 12211
Telephone: (518) 512-5307
Facsimile: (518) 465-5112
trf@trklaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MACKENZIE ARCHITECTS, P.C.,

                         Plaintiff,

   - against -

VLG REAL ESTATE DEVELOPERS, LLC,
VICTOR GUSH,
FGR ASSOCIATES, LLC,
CAPTAINS LOOKOUT DEVELOPMENT, LLC
DESIGN LOGIC ARCHITECTS, PC
CLARK REALTY, LLC,
PAUL CLARK,
FRANK TATE and
ROBERT BUCHER,

                         Defendants.
_____

**CERTIFICATE OF SERVICE**

Civil Action No.:
1:15-CV-1105 (TJM / DJS)

      I hereby certify that on April 25, 2016, I served on all counsel of record, via the Court's ECF system, the attached Memorandum of Law, dated April 25, 2016.

Dated:  April 25, 2016
         Albany, New York

                                      _____s/ Thomas R. Fallati_____
                                      Thomas R. Fallati
                                      Bar No. 515267
                                      *Lead Attorney for Defendants VLG Real*
                                      *Estate Developers, LLC and Victor Gush*
                                      TABNER, RYAN & KENIRY, LLP
                                      18 Corporate Woods Blvd.
                                      Albany, New York 12211
                                      Telephone: (518) 512-5307
                                      Facsimile: (518) 465-5112
                                      trf@trklaw.com